**Jean DACRES, Appellant,**

v.

**JOHN DEERE INSURANCE COMPANY, Appellee.**

**No. 94–1855.**

Supreme Court of Iowa.

May 22, 1996.

Paul M. Bengford and Stanley E. Munger of Munger & Reinschmidt, Sioux City, for appellant.

John D. Ackerman of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

CARTER, Justice.

Appellant, Jean Dacres, who sold various product lines under contract with John Deere Insurance Company (JDIC), a casualty insurer, appeals from a judgment refusing to vacate an arbitration decision entered with respect to a dispute between Dacres and JDIC. After reviewing the record and considering the arguments of the parties, we affirm the judgment of the district court.

The record reflects that Dacres had been a successful agent in selling insurance lines on behalf of American Family Insurance Company. He later changed his affiliation and contracted to sell products for JDIC. His contract with the latter company was ultimately terminated pursuant to the provisions thereof. The subject of the termination is not in dispute. Dacres does claim, however, that he is entitled to damages for breach of contract during the time that the agreement was in force and for fraud with respect to certain representations made to him at the time he was recruited by the company and thereafter.

When Dacres commenced an action in the Iowa District Court to recover damages for breach of contract and fraud, JDIC invoked an arbitration clause that was contained in both Dacres' initial contract with that company and in a subsequently negotiated agreement concerning the terms of his employment. The district court ordered that the pending action be stayed and that the issues be settled by arbitration. Dacres' claims were then heard by a panel of three arbitrators that determined by a two-to-one vote

that his claims lacked merit. Subsequently, Dacres petitioned the district court to vacate the arbitration decision. That request was denied and this appeal ensued.

Dacres urges four grounds on which he contends the district court should have vacated the arbitration decision. These are: (1) that the arbitration clause was induced by fraud or misrepresentation and is thus not enforceable; (2) that there was a procedural irregularity in the selection of one of the arbitrators who voted in the majority; (3) that one of the arbitrators that voted in the majority was ill and physically infirm and thus was not able to comprehend the evidence presented; and (4) that the decision is not supported by substantial evidence. We will separately consider these contentions.

## I. The Fraud in the Inducement Claim.

■ Dacres' contention that the arbitration agreement was procured by fraud is based on claims that misrepresentations were made that induced him to enter into the agreement in which the arbitration clause was contained. These alleged misrepresentations go to issues involving JDIC's proposed product lines and Dacres' role with respect to those lines under the insurance agency agreement. They had no specific application to the arbitration clause as such.

We are convinced that the decision of the Supreme Court in *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), interpreting the Federal Arbitration Act should be applied to claims made under Iowa contract law involving alleged fraud in the inducement. The Court held in that case that, if a claim of fraud in the inducement is aimed at the entire contract and that contract includes an agreement for arbitration of disputes with respect thereto, the fraud claim is properly to be determined by the arbitrators. Only if the fraud in the inducement claim is specifically directed at the arbitration clause itself is it subject to litigation in a court. *Id.* at 404, 87 S.Ct. at 1806, 18 L.Ed.2d at 1277. We approve that rule and apply it in the present case. Because Dacres' allegations of fraud in the inducement

go to the entire agreement, they were properly determined by the arbitrators.

## II. Procedural Irregularities in Selecting One of the Arbitrators.

■ The arbitration agreement between the parties provided that each one should designate an arbitrator and that these two arbitrators would select the third arbitrator. It also provided that, if either party failed to designate an arbitrator within a specified time, the arbitrator selected by the other party would select the second arbitrator. In the present case, Dacres failed to act within the prescribed time to select an arbitrator. Consequently, the arbitrator selected by JDIC chose the second arbitrator. The first two arbitrators then jointly selected the third arbitrator.

After the three arbitrators were thus selected, the second arbitrator selected was unable to serve and was replaced by an arbitrator of Dacres' choosing. That arbitrator was the one who voted in the minority on the final decision. After the arbitration decision was rendered, Dacres learned that the second arbitrator selected who participated in the process of choosing the third arbitrator but who did not participate in the final decision was ineligible to serve as an arbitrator under the terms of the agreement. That ineligibility existed because the second arbitrator was a member of a law firm that had on one occasion in the past represented JDIC with respect to the interpretation of an insurance contract.

It is undisputed that the second arbitrator was unaware of this basis for ineligibility at the time he agreed to serve. It is Dacres' claim that the ineligibility of the second arbitrator renders void the selection of the third arbitrator because the second arbitrator participated in this process. We disagree. A substantial issue would have been presented if the second arbitrator had participated in the decision process. But, because he did not and his only involvement was in choosing the third arbitrator, we find no reason to vacate the award. We find no reason in the present case to set aside a decision of an arbitration panel issued after hearing substantial evidence and a lengthy deliberation

process unless it is shown that the third arbitrator was in fact biased. No such showing has been made. Dacres was offered an opportunity at the arbitration hearing to lodge objection to any of the arbitrators and declined to do so.

### III. *Physical Impairment of One of the Arbitrators.*

■ Dacres' claim that one of the arbitrators that voted in the majority was physically impaired and thus unable to fully assimilate the evidence presented is based entirely on his own testimony that this arbitrator did not look well at the time the evidence was presented. We find that this evidence is insufficient to allow a finding that the arbitrator was not competent to consider the evidence and decide the issues.

### IV. *Absence of Substantial Evidence to Support the Decision.*

■ Finally, Dacres claims that the arbitration decision is not supported by substantial evidence. That is a ground for vacating an award under Iowa Code section 679A.12(1)(f) (1995). The appellee asserts that Iowa law does not control the arbitration process because the arbitration clause in the contract provided that arbitration was to be ·carried out pursuant to the laws of the State of Illinois. The appellee urges that Illinois law does not provide for vacation of an award on the ground that it is not supported by substantial evidence.

We need not decide this choice-of-law issue. Assuming that the matter is determined by Iowa law as Dacres contends, the decision was clearly supported by substantial evidence in the record. The arbitrators found based on testimony of company representatives that representations made as to product lines to be developed in the future were only optimistic estimates and could not have been viewed as assertions of fact. In addition, there was evidence from which the arbitrators might have found that any failure of JDIC to fully perform in accordance with these representations was the result of economic and regulatory considerations beyond its control. There is no basis for vacating

the award based upon an absence of substantial evidence in the record.

We have considered all issues presented and conclude the judgment of the district court should be affirmed.

**AFFIRMED.**